## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RANDOLPH S. LYON, et al.,**

      **Plaintiffs,**

     **v.**

**WINNEBAGO INDUSTRIES, INC.,
et al.,**

      **Defendants.**

**Case No. 2:24-cv-4239**

**JUDGE DOUGLAS R. COLE**

### OPINION AND ORDER

Many Americans use recreational vehicles to road trip across the country. Defendant Winnebago Industries, Inc., manufactures some of those RVs. And Plaintiffs, Randolph and Joni Lyon, own one of them. Presently, Winnebago wants to send the Lyons on a road trip of sorts—from Ohio to Iowa.

Specifically, Winnebago asks the Court to dismiss this breach of warranty action or, alternatively, to transfer it to the United States District Court for the Northern District of Iowa.[1] (Doc. 13). For the reasons explained more fully below, the

---

[1] Defendant Winnebago helpfully explains that, in Iowa, state courts of general jurisdiction are referred to as district courts. (Doc. 13, #88 n.1). So, Winnebago says, when the agreement at issue here—the New Vehicle Limited Warranty (NVLW)—specifies that claims can be brought only "in the Iowa District Court located in Winnebago County, Iowa," it means the Winnebago County District Court (that is, the state trial court), and not the United States District Court for the Northern District of Iowa. (Doc. 2, #42; *see also* Doc. 13-4, #104). According to Winnebago, this reference is unambiguous—that is, the NVLW clearly contemplates state, not federal, court. (Doc. 13, #88 n.1). The Court agrees with that interpretation. But Winnebago confuses things a bit. It assumes that the Court has two options here—dismissal under Federal Rule of Civil Procedure 12(b)(3) because the forum-selection clause contemplates a state court, or transfer to a federal court in Iowa. Both requests, however, are misplaced. As explained more below, the appropriate procedure in these instances—when a forum-selection clause identifies a state court—is dismissal on forum-non-conveniens grounds.

Court **DENIES** Defendant's Motion to Dismiss or to Transfer Venue (Doc. 13). The Court, however, still **DISMISSES** this action against Defendant Winnebago on forum non conveniens grounds because the Lyons have not provided any reasons the Court should not enforce the forum-selection clause to which they agreed. If they want to sue Winnebago, they must do so in the Iowa District Court in Winnebago County, Iowa.[2]

## BACKGROUND[3]

In September 2023, the Lyons purchased a new 2023 Winnebago View 24D recreational vehicle in Texas. (Compl., Doc. 2, #37). The RV was partially manufactured by Defendant Winnebago, as well as co-Defendant Mercedes Benz USA, LLC. (*Id.* at #37–38). The Lyons' purchase came with express limited warranties from both Winnebago and Mercedes.[4] (*Id.* at #38). Relevant for present purposes, Winnebago's New Vehicle Limited Warrant (NVLW) contained a forum-selection clause, which states: "Any claim for breach of this NLVW [sic] can only be brought in the Iowa District Court located in Winnebago County, Iowa." (*Id.* at #42).

Apparently, the RV has fallen short of the Lyons' expectations. After multiple issues with their RV and failed attempts at repairing it, the Lyons now claim that these warranties have "failed their essential purposes" in that both Defendants have

---

[2] That is, the state trial court in Winnebago County, Iowa.

[3] The Court relies on the allegations in the Complaint to detail the background of this case. But the Court reminds the reader that, at this point in the case, they are just that—allegations.

[4] The Lyons attached these warranties to the Complaint, so the Court can consider them at this stage. *See Armengau v. Cline*, 7 F. App'x 336, 343–44 (6th Cir. 2001).

failed "to correct certain defects and malfunctions" with the RV. (*Id.* at #38). Because of these issues, on October 2, 2024, the Lyons sent written notice to Defendants concerning purported breaches in their respective warranties, revoking acceptance of the RV, and rescinding their purchase. (*Id.* at #39, 49–50). After that proved less than fruitful, on October 28, 2024, they initiated this action in the Franklin County, Ohio, Court of Common Pleas,[5] asserting (1) breach of express and implied warranties in violation of the Uniform Commercial Code (UCC) and Ohio Revised Code § 1302.01 et seq., and (2) breach of express warranties under the Magnuson-Moss Warranty Act. (Doc. 2, #40; Doc. 1, #1).

Defendant Winnebago removed this case on December 5, 2024, on both federal question and diversity jurisdiction grounds. (Doc. 1, #1–3). After the parties submitted their Rule 26(f) Report, (Doc. 9), the Court held a preliminary pretrial conference with the parties, (Doc. 10). At that conference, the parties indicated potential venue- or jurisdiction-related issues, so the Court set a February 10, 2025, deadline to file any motion concerning those topics. (*Id.* at #77). On February 7, 2025, Defendant Winnebago took the Court up on that offer, filing the present motion. (Doc. 13). Winnebago asks the Court to either dismiss this case under Federal Rule of Civil Procedure 12(b)(3) or transfer the case to the United States District Court for the Northern District of Iowa under 28 U.S.C. § 1404(a). (*See generally id.*).

Under the local rules, the Lyons had twenty-one days to oppose that motion— until February 28, 2025. S.D. Ohio Civ. R. 7.2(a)(2). But three months have since

---

[5] Plaintiffs live in Westerville, Ohio, which is located in Franklin County. (Doc. 2, #36).

passed, and the Lyons never responded. That lack of response is somewhat surprising given that the Lyons' Complaint opined that the forum-selection clause "is invalid and unenforceable due to being unconscionable in violation of Section 1302.15, Ohio Revised Code, and comparable sections of the UCC in all states." (Doc. 2, #39). Still, that lack of timely response means the Court can treat Winnebago's motion as unopposed, which "alone provides a sufficient basis for granting the motion." *Tumbleson v. Lakota Loc. Sch. Dist.*, No. 1:23-cv-395, 2024 WL 4406911, at *2 (S.D. Ohio Oct. 4, 2024); *cf. Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 265–66 (6th Cir. 2009) (affirming the district court's decision to strike a late-filed brief in opposition). Nonetheless, "merely because a motion is unopposed does not mean a court should grant it," and here, as discussed below, the Court finds it necessary to further analyze Winnebago's motion and the forum-selection clause at issue before deciding on a path forward. *Tumbleson*, 2024 WL 4406911, at *2.

## LEGAL STANDARD

Courts evaluate motions concerning forum-selection clauses in two broad steps. *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 215 (6th Cir. 2021). First, "as a threshold matter," *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 826 (6th Cir. 2009), the Court determines whether the contractual clause "is applicable to the claims at issue, mandatory, valid, and enforceable," *Lakeside Surfaces*, 16 F.4th at 215. "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 309 (6th Cir. 2024) (quoting *Wong*, 589 F.3d at 828). And the Court assesses whether that

4

party "can defeat the strong presumption in favor of enforceability by showing that (1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; (3) the designated forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust; or (4) enforcing the forum selection clause would contravene a strong public policy of the forum state." *Lakeside Surfaces*, 16 F.4th at 219.

Second, if the forum-selection clause is applicable and enforceable, the Court conducts the appropriate analysis on whether to dismiss or to transfer the case. If "the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). But ordinarily is not always. And the proper procedure to honor a forum-selection clause turns on whether the transferee court is within the federal system versus a state or foreign system. "When the forum-selection clause designates a court 'within the federal court system,' the appropriate mechanism is 'a motion to transfer,' pursuant to § 1404(a)." *Firexo*, 99 F.4th at 310 (quoting *Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 567 (6th Cir. 2019)). If, however, "the 'forum-selection clause indicates that a matter should be heard by a state or foreign court, then *forum non conveniens* is the appropriate method of enforcement.'" *Id.* (quoting *Boling*, 771 F. App'x at 567).

The latter path, forum non conveniens, applies here since the NVLW names (as the Court explains below) a state court in Iowa. Normally, the Court considers three factors when evaluating that issue: (1) "the degree of deference owned to the

plaintiff's choice of forum"; (2) "whether the defendant has shown that an adequate alternative forum is available"; and (3) "whether the defendant has shown that the private and public interests dictate that the plaintiff's chosen forum would be unnecessarily burdensome." *Firexo*, 99 F.4th at 310.

But, "an enforceable forum-selection clause alters the standard *forum-non-conveniens* analysis in two critical ways." *Id.* at 311. First, "the plaintiff's choice of forum merits no weight," and it is the plaintiff's burden to establish that transfer or dismissal is unwarranted. *Atl. Marine*, 571 U.S. at 63. Second, "a district court may consider arguments about public-interest factors only." *Id.* at 64. These "public-interest factors include 'administrative difficulties flowing from court congestion; the local "interest in having localized controversies decided at home;" the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.'" *Lakeside Surfaces*, 16 F.4th at 215 n.2 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 500 (6th Cir. 2016)). But "[b]ecause those factors will rarely defeat a transfer [or dismissal] motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64.

## LAW AND ANALYSIS

In determining where this case should proceed in this venue, the Court must determine whether the NVLW's forum-selection clause is "applicable, mandatory,

valid, and enforceable." *Lakeside Surfaces*, 16 F.4th at 216. And because the Court finds the answer is "'yes' to all those questions[, ] *Atlantic Marine*'s modified forum-non-conveniens analysis applies." *Id.* But before undertaking that analysis, the Court first addresses Winnebago's requests—dismissal under Federal Rule of Civil Procedure 12(b)(3) or transfer under 28 U.S.C. § 1404(a)—to explain why they are misplaced. After that, the Court explains why it nonetheless dismisses Winnebago on forum-non-conveniens grounds even though Winnebago did not expressly raise that issue.

## A.     The Forum-Selection Clause Is Enforceable.

"Absent evidence to the contrary, [] forum selection clauses are presumed valid and enforceable."[6] *Honeycutt v. Thor Motor Coach, Inc.*, No. 2:21-cv-4717, 2022 WL 2986877, at *3 (S.D. Ohio July 28, 2022). While there are bases on which a party can overcome that presumption, *see, e.g.*, *Wong*, 589 F.3d at 828; *Lakeside Surfaces*, 16 F.4th at 219–20, the Lyons have made no effort to do so here, so the Court won't either.

As for whether the NVLW's forum-selection clause is applicable and mandatory, the Court finds that it is. The clause states that it applies to "[a]ny claim

---

[6] The court notes that state law "governs the initial question of whether the agreement[] containing the forum selection clause[ is] valid." *Langley v. Prudential Mortg. Capital Co.*, LLC, 546 F.3d 365, 368 (6th Cir. 2008). *But see Firexo*, 99 F.4th at 323 (describing a circuit split on whether, in diversity cases, "a forum-selection clause's *applicability* is distinct from and antecedent to its *enforceability*," thus requiring an *Erie* analysis). But because the Lyons attached the NVLW to their Complaint, based their claims on the warranty, and have given the Court no reason to question the validity of the agreement, the Court presumes it is valid. The Court is also mindful of the Supreme Court's guidance that "[t]he court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." *Atl. Marine*, 571 U.S. at 65–66.

for breach of this NLVW [sic]." (Doc. 2, #42). Here, the Lyons are explicit that their claims arise under the warranty, which they attach to their Complaint. (*Id.* at #38, 40). So the warranty's forum-selection clause is applicable. And that warranty says that claims "can only be brought" in the specified forum. (*Id.* at #42). That makes it mandatory. Accordingly, the Court finds the NVLW's forum-selection clause "applicable, mandatory, valid, and enforceable." *Lakeside Surfaces*, 16 F.4th at 216.

## B. The Forum Specified Is an Iowa State Court.

As the forum-selection clause is valid and mandatory, and applies to the dispute here, the next question is what forum it specifies. That answer to that is also clear—the Iowa state trial court in Winnebago County.

In full, the forum selection clause states:

> A claim for breach of this NVLW or an applicable implied warranty, must be initiated within (15) months from the date of purchase. Any claim for breach of this NLVW [sic] can only be brought in the Iowa District Court located in Winnebago County, Iowa.

(Doc. 2, #42). In Iowa, state courts of general jurisdiction are referred to as district courts. (Doc. 13, #88 n. 1; Doc. 13-4, #104). While the term "district court" could potentially cause confusion, since federal trial courts (like this one) are referred to as "district courts" as well, the clause adds two important clarifying modifiers. First, the clause specifies the "*Iowa* District Court" rather than the "*federal* District Court." (Doc. 2, #42 (emphasis added)). Second, the clause states that the court in question is located "in Winnebago County, Iowa." (*Id.*). And there is no federal district court located in Winnebago County—rather, the United States District Court for the

8

Northern District of Iowa Central Division (which is the division that includes Winnebago County) is located elsewhere.[7] (Doc. 13, #88 n.1); *see* 28 U.S.C. § 95(a)(4).

So, as a matter of contract law, the Court determines that NVLW specifies that the only appropriate forum for the claims against Winnebago in this action is the state trial court in Winnebago County, Iowa.

**C.  Defendant's Requests Are Inapposite.**

While that all sounds good for Winnebago, the Court concludes that Winnebago stumbles a bit in terms of the relief it requests. While Winnebago aims in the right general direction (the case against it should not proceed here), it's shooting at the wrong targets. Specifically, Winnebago invokes two procedural pathways—dismissal under Rule 12(b)(3) or transfer under 28 U.S.C. § 1404(a). (*See generally* Doc. 13). But neither works.

Start with the former. The second sentence of *Atlantic Marine* explicitly forecloses Winnebago's request: "We reject [the] argument that [a forum-selection] clause may be enforced by a motion to dismiss under … Rule 12(b)(3)." 571 U.S. at 52. The Supreme Court explained that "[w]hether venue is 'wrong' or 'improper'

---

[7] According to statute, "Court for the Central Division [of the Northern District] shall be held at Fort Dodge [(Webster County)] and Mason City [(Cerro Gordo County)]." 28 U.S.C. § 95(a)(4). That said, it appears that the only permanent seats of court for the United States District Court for the Northern District of Iowa are in Cedar Rapids and Sioux City (neither of which are in Winnebago County). *See* United States District Court Northern District of Iowa (last accessed June 5, 2025), https://perma.cc/R4YC-6EAJ. There are, however, federal bankruptcy courts located in Fort Dodge and Mason City. *See Clerk's Office and Court Locations* United States Bankruptcy Court Northern District of Iowa (last accessed June 5, 2025), https://perma.cc/U9XR-XRCP; https://perma.cc/UYA4-ZE5Z. In any event, and most important for this Opinion, none of the cities the statute specifies as sites for the Northern District of Iowa are located in Winnebago County. *See* 28 U.S.C. § 95(a).

depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id.* at 55. "Venue in removed cases is governed solely by § 1441(a)." *Kerobo v. S.W. Clean Fuels*, Corp., 285 F.3d 531, 534 (6th Cir. 2002). And here, "the action was removed to the only venue permitted by § 1441(a)"—the district and division embracing the place where the action was pending. *Id.* In short, under applicable Supreme Court precedent, venue is not improper as Rule 12(b)(3) uses that term, so the Court **DENIES** Winnebago's first request to dismiss this action under that rule.

Winnebago's second request fares no better. The statute Winnebago cites, 28 U.S.C. § 1404(a), plays no role in this case. Winnebago seeks to use that statute to transfer the case to the United States District Court for the Northern District of Iowa—a court that the NVLW does not contemplate. (Doc. 13, #88–89). In any event, when "a valid forum-selection clause mandates venue in state court or a foreign jurisdiction, § 1404(a) does not apply." *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 371 n.2 (6th Cir. 2008) (Moore, J., concurring); *see also* 28 U.S.C. § 1404(a) (allowing federal district courts to "transfer any civil action to *any other district or division* where it might have been brought or to *any district or division* to which all parties have consented" (emphasis added)). Just so here. As already discussed, the Court finds that the NVLW is unambiguous—it clearly contemplates that any claims related to the warranty "can only be brought" in the "Iowa District Court located in Winnebago County, Iowa," an Iowa state court (Doc. 2, #42; Doc. 13-

4, #104). Because § 1404(a) does not apply, the Court **DENIES** Winnebago's alternative request to transfer this case under that statute.

But that is not the end of the matter. The NVLW clearly states that suit against Winnebago must proceed, if at all, only in the specified Iowa state court. And in *Atlantic Marine* the Supreme Court describes how to achieve that end: "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."[8] *Atl. Marine*, 571 U.S. at 60; *see also Firexo*, 99 F.4th at 310–11. The Supreme Court also helpfully explained that, because § 1404(a) "is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system[,] … courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Atl. Marine*, 571 U.S. at 60–61. That is, the in-depth analysis the Supreme Court provided in *Atlantic Marine* applies with full force here, even though that case dealt with a § 1404(a) transfer. The Court turns to that forum-non-conveniens analysis now.

### D. The Forum Non Conveniens Analysis Requires Dismissal.

The Court starts with a procedural matter—Winnebago's failure to expressly invoke the doctrine. It turns out that does not matter. The forum non conveniens "doctrine falls within the court's inherent authority," so this Court may "raise the

---

[8] The Supreme Court also left open the possibility that Rule 12(b)(6) motions to dismiss may be a potential method for enforcing forum-selection clauses. *See Atl. Marine*, 571 U.S. at 61.

doctrine on its own accord." *Wong*, 589 F.3d at 830. Beyond that, "*[f]orum non conveniens* permits a court to decline to exercise jurisdiction even when jurisdiction is proper." *Boling*, 771 F. App'x at 567. But, in contrast to § 1404(a), under which federal courts may transfer cases, "the traditional remedy" under forum non conveniens is "outright dismissal." *Atl. Marine*, 571 U.S. at 60.

As already described, valid forum-selection clauses alter the traditional forum-non-conveniens analysis. "Only under extraordinary circumstances unrelated to the convenience of the parties should" the Court decline to enforce the parties' valid forum-selection clause. *Id.* at 62. And under *Atlantic Marine*'s modified forum-non-conveniens analysis, the Lyons must show such extraordinary circumstances exist and "bear the burden of showing that public-interest factors overwhelmingly disfavor" dismissal. *Id.* at 67.

The Lyons haven't even attempted to climb that steep hill. It's unlikely they could if they tried. This is not a "localized controvers[y]" so far as the Court can tell. *See Lakeside Surfaces*, 16 F.4th at 215 n.2. The Lyons bought their RV in Texas. (Doc. 2, #38). Additionally, while the RV currently sits in Newark, Ohio, awaiting repairs, the Lyons did not specify in their Complaint where any repairs were made. (*See id.* at #38–39). And as to the remaining public-interest factors that may apply, *see Lakeside Surfaces*, 16 F.4th at 215 n.2, the Court expects that they would be neutral at best. Simply put, the Lyons did not meet their burden of showing extraordinary circumstances that would allow the Court to ignore the valid forum-selection clause in the NVLW to which Lyons and Winnebago agreed.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Winnebago Industries, Inc.'s, Motion to Dismiss or Transfer Venue (Doc. 13). But because the NVLW contains a valid forum-selection clause that explicitly covers the Lyons' claims, and because the Lyons have made no effort to explain why that contractual term should not be enforced, the Court nonetheless **DISMISSES WITHOUT PREJUDICE** this action against Winnebago on forum-non-conveniens grounds. The Lyons may well have meritorious claims against Winnebago, but they must pursue those claims in the Iowa District Court in Winnebago County, Iowa. Accordingly, the Court **DIRECTS** the Clerk to terminate Winnebago as a Defendant on the docket.[9]

   **SO ORDERED.**

June 5, 2025

 **DATE**

             **DOUGLAS R. COLE**
             **UNITED STATES DISTRICT JUDGE**

---

[9] The Court further notes that its resolution of this matter may have implications for the wisdom or appropriateness of continuing the remaining claims against the remaining Defendant, Mercedes Benz, in this forum. As no party has raised that issue, though, the Court reserves judgment on it.

13